IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**A & T EXPRESS, LLC** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO.:** 2:23-cv-85-HSO-BWR

**TOWN OF PRENTISS** **DEFENDANT**

**COMPLAINT**
**JURY TRIAL REQUESTED**

COMES NOW THE PLAINTIFF, A & T Express, LLC, by and through Counsel, and files its Complaint against the Defendant, the Town of Prentiss, and would show this Court the following, to-wit:

**PARTIES, JURISDICTION AND VENUE**

1. A & T Express, LLC is a Mississippi limited liability company that owns property in the Town of Prentiss, Jefferson Davis County, Mississippi.

2. The Town of Prentiss is a municipality in Jefferson Davis County, Mississippi and may be served process through its City Clerk, Missy Jones, at 911 3rd Street, Prentiss, Mississippi 39474.

3. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 1343(a)(3) and 1367.

4. This court has venue over the matter pursuant to 28 U.S.C. § 1391(b).

**FACTS**

5. Plaintiff owns property in Prentiss, Mississippi, described as follows:

   A parcel of land situated in the SW ¼ of the SE ¼ of Section 1, Township 7 North, Range 19 West, Town of Prentiss, Jefferson Davis County, Mississippi, being Lots 9 through 17 of the Subdivision of Tyrone Housing Development and unplatted lands. Parcel is described as follows: Commencing at the SW corner of Lot 9 of the Subdivision of Tyrone Housing Development according to

the official plat thereof, a copy of which is on file in the office of the Chancery Clerk of Jefferson Davis County, Mississippi, and run thence South 69 degrees 55 minutes East 127.30 feet to the Northeast corner of Clayton D. Robbins lands; run thence South 44 degrees 00 minutes West 286.67 feet along East property line of Robbins to the North line of Front Street; run thence South 49 degrees 06 minutes 23 seconds East 221.54 feet along Front Street to the right of way of U.S. Highway By-Pass No. 84; run thence along said right of way line the following calls: North 41 degrees 16 minutes 05 seconds East 25 feet, South 56 degrees 36 minutes 53 seconds East 117.49 feet, North 54 degrees 06 minutes 00 seconds East 68.96 feet; North 13 degrees 56 minutes 35 seconds East 709.96 feet to the North line of Tyrone Housing Development Subdivision North 61 degrees 38 minutes 43 seconds West 315.03 feet to the Northwest corner of Lot 15 of said Subdivision; run thence South 06 degrees 45 minutes West 357.5 feet to the Southwest corner of Lot 17 of said Subdivision; run thence South 81 degrees 24 minutes 56 seconds West 83.57 feet to the Northwest corner of Lot 9 of said Subdivision; run thence South 20 degrees 05 minutes West 70 feet back to the point of beginning, Described property contains 5.13 acres, more or less, 0.50 acre, more or less of which is the right of way of Tyrone Drive.

Together with all right of way, easement, driveways and pavement, curb and street front privileges thereunto belonging and together with all the buildings, improvements and equipment thereon or connected therewith.

6. Plaintiff became the owner of the above-described property by Substituted Trustee's Deed executed on September 26, 2018 and recorded on October 16, 2018 in Book 250 at Page 682. See Exhibit "A".

7. Plaintiff had a building and other structures on this property; prior to his purchase the buildings were operated as a convenience store with fuel pumps.

8. This property is listed on the Jefferson Davis County Tax Assessors Office as PPIN 13884. See Exhibit "B".

9. The legal owner of PPIN 13884 is A & T Express, LLC. See Exhibit "C"

10. On September 21, 2021, Defendant had a hearing pursuant to Mississippi Code Annotated § 29-19-11 to determine if the convenience store located on PPIN 13884 was in such a state of uncleanliness to be a menace under this statute.

11. On September 30, 2021, Defendant mailed a certified letter intending for Plaintiff property that a hearing was going to occur on October 19, 2021.  See Exhibit "D".

12. As to the statutory required notice under Mississippi Code Annotated § 29-19-11, it states:

> Notice shall be provided to the property owner by:
>
> (a)   United States mail two (2) weeks before the date of the hearing mailed to the address of the subject property and to the address where the ad valorem tax notice for such property is sent by the office charged with collecting ad valorem tax; and
>
> (b)   Posting notice for at least two (2) weeks before the date of a hearing on the property or parcel of land alleged to be in need of cleaning and at city hall or another place in the municipality where such notices are posted.

13. Defendant gave notice to Sanjay Kumar and Ashok Vig not the Plaintiff. See Exhibit "D".

14. Tarun Arora, Plaintiff's Managing Member, did not receive notice of this letter; nor, was the letter addressed to Plaintiff or Mr. Arora as Managing Member.

15. Defendant had a hearing to which they declared the property to be a menace.  No agent(s) of the Plaintiff attended the hearing since proper and legal notice was not sent or received by Plaintiff.

16. Plaintiff did not see a Notice posted on the property as required by law.

17. Defendant removed the entire structure or building from the property. Defendant was left only the concrete slab on which the store was erected.

18. Plaintiff discovered his store had been removed from the land.

19. Plaintiff went to City Hall and an agent for the Defendant stated that she had not gotten the letter back from the post office.

20. At no time did anyone from the Defendant contact the Plaintiff about cleanliness issues with the property.

21. There are a number of dilapidated properties in Prentiss, Mississippi. Plaintiff's property has been destroyed without sufficient legal notice unto Plaintiff.

## FEDERAL LAW CLAIMS

22. In order to prevent repetition, the Plaintiff hereby incorporates by reference and re-alleges the information set forth in the forgoing paragraphs.

23. The actions complained of establish a violation of the Plaintiff's rights to substantive and procedure due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

24. The Plaintiff had a constitutionally protected property interest as well as a protectable property interest. The taking and destruction occurred without regard to the Defendant's due process or compensation, and the Plaintiff's has been harmed as a direct, proximate result.

25. The actions complained of the constitute a deprivation of the Plaintiff's property and liberty interest in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and the Plaintiff has been harmed as a direct, proximate result.

26.   The actions complained of give rise to cognizable claims directly under the United States Constitution, and pursuant to 42 U.S.C. § 1983.

27.   Plaintiff is entitled to an award of applicable cost and fees pursuant to 42 U.S.C. § 1988.

## STATE LAW CLAIMS

28.   In order to prevent repetition, the Plaintiff hereby incorporates by reference and re-alleges the information set forth in the forgoing paragraphs.

29.   The Plaintiff had a property interest in the above-described property under the Mississippi Constitution.  The taking and destruction without due compensation of the property was a violation of the Plaintiff's rights under Article 3 Section 14 and Article 3 Section 17 of the Mississippi Constitution.  Plaintiff has been harmed as a direct proximate result.

30.   At no time was Plaintiff legally and properly noticed that a hearing concerning a taking, condemnation, eminent domain or otherwise the property described in paragraph 5 of this complaint.

31.   That due to the actions of the Town of Prentiss, Mississippi, which were intentional and deemed malicious, Plaintiff is entitled to actual damages for he damages to the building, compensatory damages as well as punitive damages and attorney fees in regards to this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, A & T Express, LLC, respectfully requests this Court, upon a hearing enter judgment against the Town of Prentiss, Mississippi, for compensatory and consequential damages for the destruction of the building on the said property, as well as punitive damages for the willful nature of the

conduct of the officials of the Town of Prentiss, Mississippi, and further award reasonable attorney's fees in regards to the bringing of this action.

By: /s/ DANIEL D. WARE
Daniel D. Ware

Daniel D. Ware, MSB#10,847
**WARE LAW FIRM, PLLC**
103 3rd Street NW
Magee, Mississippi 39111
Telephone: (601) 439-7079
Facsimile: (601) 439-7063
**dware@warelawfirm.com**

C. Louis Clifford IV, MSB#99545
**CLIFFORD LAW FIRM, PLLC**
1755 Lelia Drive, Suite 303
Jackson, Mississippi 39216
Telephone: (601) 812-5925
Facsimile: (601) 812-5926
**louis@clifford-law.com**